## SOLOMON BRADFORD *versus* NATHAN PERKINS

Devise : " I give and bequeath to my nephew N. P. my dwellinghouse and lot, provided he will support my sister L. during her life. If he does not consent to support her, I give her the improvement of my upper chamber, and the rent of the rest of the house to be paid her her lifetime. And after her decease, I give my nephew S. B. the improvement of the lower tenement in my house and the privileges belonging to the same, during his life, after the death of my sister. I give my house and lot to N. P. excepting S. B's improvement of the lower tenement." It was *held*, that the first clause was a devise to N. P. of an estate in fee, upon the condition of his supporting L. during her life, and not of an estate for her life ; and that, consequently, upon his performing such condition, the devise to S. B. for life, became inoperative.

THIS was a writ of entry, in which the demandant claimed the lower tenement in a dwellinghouse situated in Plymouth, for the term of his life.

By an agreed statement of facts, it appeared, that both parties claimed the premises under the will of Hannah Bradford, who died in July 1824. This will contained the following clauses.

" I give and bequeath to my nephew, Nathan Perkins, my dwellinghouse and lot, provided he will support my sister Lois during her life. If he does not consent to support her, I give her the improvement of my upper chamber and the rent of the rest of the house to be paid her her lifetime. And after her decease, I give my nephew Solomon Bradford, the improvement of the lower tenement in my house and the privileges belonging to the same, during his life, after the death of my sister."

" I give my house and lot to Nathan Perkins, excepting Solomon Bradford's improvement of the lower tenement."

" I give my personal property to be equally divided between my sisters, Lois and Mercy Perkins, and my nieces, Mercy and Priscilla Perkins."

Lois, the sister of the testatrix, died in September 1837 ; and the tenant, immediately upon the death of the testatrix, entered into possession of the house, and had ever since occupied the same, receiving the rents thereof, and making repairs and improvements thereon; and after the death of the testatrix, he supported Lois, her sister, during her life.

Bradford
*v.*
Perkins.

If the Court should be of opinion upon these facts, that the demandant was entitled to recover, the tenant was to be defaulted ; otherwise, the demandant was to become nonsuit.

*Oct. 20th.*    *Thomas,* for the demandant, cited *Baker* v. *Bridge*, 12 Pick. 27.

*W. Baylies* and *Latham,* for the tenant.

*Oct. 26th.*    MORTON J. delivered the opinion of the Court. We think the construction of this will very clear. The testatrix intended to give the house and lot in question to the tenant, in fee, on the condition mentioned. The tenant accepted the devise *cum onere.* The estate vested in him. He has faithfully performed the condition, and is now entitled to hold it.

The further disposition of the property, in all its provisions, was made to depend upon the non-acceptance of the tenant. But the event upon which it was to take effect never having happened, it remained inoperative, and the estate passed by the first clause of the devise precisely as if no disposition over had been made.

*Demandant nonsuit.*